James and Mary McNAIR and Kelly McNair, Plaintiffs–Appellants,

v.

OAK HILLS LOCAL SCHOOL DISTRICT, Louis Cardimone and Oak Hills Local School District Board of Education, Defendants–Appellees.

No. 88–3139.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 7, 1989.

Decided April 7, 1989.

**154**

Robert S. Mills (argued), Columbus, Ohio, for James McNair and Kelly McNair.

Robert S. Mills, Margaret A. Brown, Columbus, Ohio, for Mary McNair.

George E. Roberts, III, Cincinnati, Ohio, for Louis Cardimone and Oak Hills Local School Dist.

George E. Roberts, III, J. Michael Fischer (argued), Cincinnati, Ohio, for Oak Hills Local School Dist. Bd. of Educ.

Before KRUPANSKY and WELLFORD, Circuit Judges, and JOINER, Senior District Judge.[*]

JOINER, Senior District Judge.

On October 3, 1985, James, Mary and Kelly McNair (McNair), filed a complaint against the Oak Hills Local School District, the Oak Hills Board of Education, and Louis Cardimone, Superintendent of the Oak Hills School District (collectively referred to as Oak Hills), under the Education of the Handicapped Act (EHA), 20 U.S.C. §§ 1400, *et seq.* The McNairs sought, among other things, a determination that Oak Hills had to provide their child, Kelly, with transportation to and from St. Rita's School for the Deaf, a private school. Cross-motions for summary judgment were referred to a magistrate for a report and recommendation, and on November 9, 1987, the magistrate recommended that Oak Hills' motion for summary judgment be granted. On December 31, 1987, the district court adopted the report and recommendation, with modifications, and dismissed the McNairs' action, 676 F.Supp. 1361. The McNairs now appeal.

* Honorable Charles W. Joiner, United States District Court, Eastern District of Michigan, sitting

We affirm the decision of the district court, but for reasons other than those relied upon by the district court.

I.

Upon learning from Oak Hills that the school district would not provide transportation to and from St. Rita's, the McNairs obtained an impartial due process hearing on the matter with the Hamilton County Office of Education. Prior to the hearing held on December 21, 1984, the McNairs and the school district entered into the following stipulations of fact, which all parties agree represent the relevant underlying facts of this case:

1. Mr. and Mrs. McNair reside in the Oak Hills School District with their daughter, Kelly.

2. Kelly McNair has a hearing impairment which qualifies her for a free, appropriate, public education under P.L. 94–142.

3. Kelly McNair is currently enrolled at St. Rita's, a non-public school.

4. The Oak Hills School District was willing to provide Kelly McNair with an appropriate education at Frost Elementary School.

5. Kelly McNair was placed at St. Rita's by her parents.

6. Mr. and Mrs. McNair are paying the tuition charges at St. Rita's.

7. Mr. and Mrs. McNair are currently providing all transportation to Kelly, to and from St. Rita's.

8. The trip from the McNairs' home to St. Rita's is more than two (2) miles.

9. The trip from the McNairs' home to St. Rita's requires less than 30 minutes of direct travel time.

10. Oak Hills School District provides free transportation to elementary and primary grade handicapped and nonhandicapped children attending Oak Hills' public schools living more than two (2) miles from their school.

11. Oak Hills School District provides free transportation to non-handicapped

by designation.

students in the primary and elementary grades who reside in the Oak Hills School District and attend non-public schools that are more than two (2) miles from their residences.

12. Kelly McNair requires transportation in order to attend St. Rita's.

13. Kelly McNair has no disability that would preclude her from using non-handicapped transportation services.

14. The State Board of Education has not confirmed that transporting Kelly to St. Rita's is unnecessary or unreasonable.

15. Kelly McNair is a primary grade student.

At the conclusion of the impartial due process hearing, the independent hearing officer (IHO) concluded that Kelly met the time and distance requirements for public school transportation under Ohio law, as her travel time to St. Rita's was less than 30 minutes. Accordingly, the IHO ordered Oak Hills to provide transportation services to Kelly. Oak Hills appealed to a reviewing officer appointed by the Ohio Department of Education. The reviewing officer allowed Oak Hills to provide additional evidence regarding Kelly's travel time to St. Rita's, and this evidence indicated that even though the travel time from Kelly's home to St. Rita's was less than 30 minutes, the travel time between the collection point and St. Rita's was 34 minutes. The reviewing officer concluded that because Kelly had no disability which precluded her from using non-handicapped transportation services, and the distance from her collection point to St Rita's was over 30 minutes, she was not entitled to transportation provided by Oak Hills. Both of these state administrative decisions involved an application of only state law and relate only to transportation furnished students required by Ohio law.

In his report and recommendation, the magistrate concluded that only those services necessary to permit a handicapped child to benefit from an educational institution specially designed to meet the unique needs of the child are related services to be provided by Oak Hills under the EHA. As Kelly was in no greater need of transportation to private school than non-handicapped children, the magistrate concluded that in her case transportation to St. Rita's was not a related service which must be provided under the EHA. The district court did not agree with the magistrate's analysis, focusing instead on the argument that under the EHA, related services are those that must be provided with regard to any special education program, defined as one which is state financed, state established and state controlled. Under the district court's analysis, if Kelly was enrolled in such a special education program, regardless of whether transportation was required due to the nature of her handicap, it would have to be provided by Oak Hills. However, because Kelly was voluntarily enrolled in a private program at St. Rita's, it did not qualify as special education, therefore related services such as transportation need not be provided.

## II.

The EHA requires participating states, such as Ohio, to provide all handicapped children with a free appropriate public education. More specifically, the EHA requires the following:

It is the purpose of this chapter to assure that all handicapped children have available to them ... a free appropriate public education which emphasizes special education and related services designed to meet their unique needs, to assure that the rights of handicapped children and their parents or guardians are protected, to assist States and localities to provide for the education of all handicapped children, and to assess and assure the effectiveness of efforts to educate handicapped children.

20 U.S.C. § 1400(c). The statute and its regulations provide definitions of the terms special education[1] and related services,[2]

1. 20 U.S.C. § 1401(16) provides:

    The term "special education" means specially designed instruction, at no cost to parents or guardians, to meet the unique needs of a handicapped child, including classroom instruction, instruction in physical education,

and provide an elaborate scheme for the identification of children with handicaps, the designation of programs appropriate to their needs, and procedural safeguards to protect their rights. In providing special education, school districts may utilize public school programs or they may place a child in a private school at no expense to the parents. 20 U.S.C. § 1413(a)(4)(B). If, however, the school district provides a free appropriate public education, yet the parents wish to place their child in a private school, the parent must pay the tuition.[3]

■ The McNairs want Oak Hills to provide transportation for Kelly to and from St. Rita's as a related service under the EHA. They will succeed only if they establish that which § 1400(c) requires:

(1) that the child is handicapped;

(2) that transportation is a related service;

(3) that the related service is designed to meet the unique needs of the child caused by the handicap; and

(4) the school district must be responsible under the EHA and its regulations for providing the related services under the particular circumstances of the case at hand.

■ In the instant case, the parties have stipulated that Kelly is handicapped under the EHA because of her hearing impairment. The second requirement is also satisfied, as the service at issue in this case is transportation to and from school, and this is by statute made a related service under the EHA. 20 U.S.C. § 1401(17); *Irving Independent School District v. Tatro*, 468 U.S. 883, 891, 104 S.Ct. 3371, 3376, 82 L.Ed. 2d 664 (1984). The third requirement of the statute, the showing that the related

services are "designed to meet ... unique needs" of the child is not met in this case. The parties have stipulated that Kelly's handicap does not require any special transportation needs, therefore, she could utilize the same transportation service as a non-handicapped child. The need for transportation, although a related service, is no more unique to Kelly because she is deaf than it would be if she were not deaf. Since the statute specifically requires a relationship between the related service and the unique needs of the child, the third requirement under the EHA has not been satisfied, and the Act does not require Oak Hills to provide Kelly with transportation to St. Rita's.

It is argued that *Tatro* holds to the contrary. *Tatro* does not counsel against this analysis as claimed by plaintiffs at oral argument. In *Tatro,* the question was whether clean intermittent catheterization (CIC) was a related service as defined in the EHA. This involved an analysis of 20 U.S.C. § 1401(17), the EHA definition of related services, which under our analysis is step two of a four-step approach. The *Tatro* opinion did include dicta in a brief discussion of how transportation will always be a related service under the EHA, but the court went no further than that. *Tatro,* 468 U.S. at 891, 104 S.Ct. at 3376. The issue in this case is not whether transportation is a related service, but the requirement of its relationship to "unique needs." The court did not discuss the unique needs requirement of the statute which is at issue in the instant case, most likely because it was not in dispute in *Tatro* that CIC was a service designed to meet that child's unique needs. Consequently, the discussion in *Tatro* concerning

home instruction, and instruction in hospitals and institutions.

2. 20 U.S.C. § 1401(17) provides:

The term "related services" means transportation, and such developmental, corrective, and other supportive services (including speech pathology and audiology, psychological services, physical and occupational therapy, recreation, and medical and counseling services, except that such medical services shall be for diagnostic and evaluation purposes only) as may be required to assist a handicapped child to benefit from special ed-

ucation, and includes the early identification and assessment of handicapping conditions in children.

3. 34 C.F.R. § 300.403(a) provides:

If a handicapped child has available a free appropriate public education and the parents choose to place the child in a private school or facility, the public agency is not required by this part to pay for the child's education at the private school or facility. However, the public agency shall make services available to the child as provided under §§ 300.450–300.-460.

transportation is not relevant to the specific issue which is central to the instant appeal.

◼ The court is not reaching any determination as to whether a school district in a situation similar to the instant one would have to provide the related service to the child if it was designed to meet that child's unique needs. In other words, because the third requirement set out above was not satisfied, the court reaches no conclusion as to the final requirement. We leave that for another court on another day. All we hold today is that when a child is voluntarily placed in a private school, a public school district need not provide a related service to that child under the EHA if that particular service is not designed to meet the unique needs of the child.

The district court found the first two requirements outlined above to be satisfied, but skipped the third requirement and ruled on the fourth. Unlike the district court, we believe that the resolution of the unique needs requirement disposes of this matter, and there is no need to go any further. Accordingly, while we do not agree with the rationale of the district court, we do agree with its result.

AFFIRMED.